Derbigny, J.
delivered the opinion of the court. Tim father of the plaintiff obtained, on the 20th of April, 1793, an order of survey for the tract of land in contest. The conditions of his grant were, as usual, that he should make some improvement, and open the road within the first year, and settle the land before the expiration of three years. The grantee, however, suffered the three years to elapse without attempting to do any thing on the land, nor even to have it surveyed. A few days before the expiration of the three years; the late Levy *653 Wells, the defendants’ testator, applied for the land, and obtained, an order of survey, and days after the three years had elapsed, to wit, on the 22d of April, 1796, he received from the Spanish government a complete and final grant of the same.
Posterior to that final title, Thomas White, the plaintiff’s father, attempted to put himself in possession of the land, for which he had obtained, in 1793, the order of survey above mentioned, and subsequently caused that order of survey to be confirmed by the commissioners of the land office.
We are of opinion, that this confirmation does not, as in the case of two inchoate titles, put the claim of Thomas White on a footing with the final title granted by the Spanish government to Levy Wells, and that it does not replace the parties in the situation in which they were, before that final title and patent issued. The functions assigned to the commissioners were those of ascertaining and adjusting claims to lands, where the title was yet inchoate. But wherever the right of the sovereign had been finally transferred, any subsequent relinquishment of the right of the United States cannot affect the anterior title.
It is in vain to say that Levy Wells did not *654 comply with the conditions usually attached to grants. In his case, it has pleased the grantor to dispense with requiring any. The grant is a full and complete title, issued after the inchoate right of White had become null by the nonperformance of the conditions imposed on him: it cannot be disturbed.
I. Baldwin for the plaintiff, Wilson for the defendants.
But although Levy Wells was indisputably the owner of the land in contest, and, as such, could have ousted the possessor of it, he had no right to take possession by force. The jury have found that he has done so, and caused damage to the plaintiff to the amount of fourteen hundred dollars. The plaintiff is entitled to recover these damages.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that the plaintiff and appellee recover from the defendants and appellants the sum of fourteen hundred dollars; and it is further ordered, adjudged and decreed, that the former pay the costs of this appeal.